IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CHRISTINA MACLAREN, and<br>ELIJAH MACLAREN, a married couple,<br><br>              Plaintiffs,<br><br>    v.<br><br>PHH MORTGAGE CORPORATION,<br>a New Jersey corporation,<br><br>              Defendant. | Case No.: 1:23-CV-00053-CL<br><br>**OPINION AND ORDER** |

**CLARKE**, Magistrate Judge.

Plaintiffs Christina and Elijah MacLaren move this Court for an order compelling Defendant PHH Mortgage Corporation to produce documents responsive to Plaintiffs' requests (First Motion to Compel, #58) and to retake a corporate representative deposition (Second Motion to Compel, #71). For the reasons below, the Motions are granted and deferred in part.

## FACTUAL BACKGROUND

This case arises out of Defendant's handling of a loan modification sought by Plaintiffs.[1]

In November 2021, nation-wide lender and loan servicer, PHH Mortgage, ("Defendant") approved Christina and Elijah MacLaren ("Plaintiffs") to enter its mortgage assistance program. Under this program, Plaintiffs were expected to complete a series of trial period payments before their loan could qualify for modification. Plaintiffs completed the trial payments for the first time

---

[1] A more detailed explanation of the underlying facts can be found in this Court's previous Order (#43). An abbreviated account is included here to provide context for the subject discovery dispute.

1 – Opinion and Order

in February 2022. After they began paying on the modified loan, Defendant claimed that a notary error invalidated the modification agreement and required Plaintiffs to re-do the trial period. Plaintiffs completed the trial payments for a second time in August 2022. Upon satisfaction, Defendant claimed that another problem required Plaintiffs to complete the trial for a third time. Two payments into the third trial, Defendant claimed the agreement "was not properly executed" and Plaintiffs were no longer eligible for mortgage assistance. Defendant rejected Plaintiffs' final payment and demanded Plaintiffs pay over $50,000 to bring the loan current or face foreclosure.

Plaintiffs filed a complaint on January 12, 2023, alleging that Defendant engages in a pattern and practice of "designed defaults," whereby it purposefully fails to recognize trial payments, refuses to modify loans, and forecloses on people's homes in a profit-driven scheme of "engineered incompetence." Plaintiffs assert claims for breach of contract, breach of the covenant of good faith and fair dealing, intentional interference with economic relationship, and violation of the Oregon Unlawful Trade Practices Act.

## DISCOVERY DISPUTE

The pending motions concern an ongoing discovery dispute.

Plaintiffs served their first request for production ("RFP") with the summons and Complaint on January 19, 2023.

In June, Defendant moved for a protective order to limit discovery, specifically asking the Court to deny RFP Nos. 2, 17, 18, 24, 26, and 27, and Requests for Interrogatories Nos. 2, 3, 4, and 5. The Court held oral argument and subsequently denied Defendant's motion, finding the requests relevant, proportional, and not unduly burdensome or prejudicial. *See* Order (#43). Defendant was ordered to produce the items accordingly, subject to a Protective Order.

In January, Plaintiffs submitted a letter to the Court claiming that Defendant was continuing to resist production on RFP Nos. 2 and 27 and additionally resisting eight new requests that were not covered by the Order: RFP Nos. 1, 6, 7, 19, 20, 21, 22, and 23. Defendant responded in its own letter, disputing Plaintiffs' characterization of the production thus far, disagreeing with the scope of RFP No. 1, and claiming that Plaintiffs have not been adequately conferring regarding the discovery issues.

The Court held another conference. After further conferral, the parties were able to partially narrow some of the outstanding issues. However, most of the issues remained unresolved. With the Court's leave, Plaintiffs filed their First Motion to Compel ("First MTC"). While it was pending, Plaintiffs filed a Second Motion to Compel ("Second MTC") regarding an unsatisfactory corporate representative deposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) authorizes parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Where a party fails to make disclosures or cooperate in discovery, Federal Rule of Civil Procedure 37 enables the discovering party to move for an order to compel complete responses to discovery. Fed. R. Civ. P. 37.

Once the moving party establishes that the requested information is discoverable, the burden shifts to the resisting party to show why each request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Edman v. Nationstar Mortg. LLC*, No. 6:15-CV-00053-AA, 2015 WL 13236631, at *1 (D. Or. Dec. 11, 2015). A resisting party may meet its burden by demonstrating, as to each request, how the information sought is irrelevant or

privileged; being sought to delay, embarrass, or harass; or is otherwise objectionable under the rules. *Edman*, 2015 WL 13236631 at *1.

Rule 37 motions require "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

District courts have "wide discretion in controlling discovery" and fashioning an appropriate solution. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

## DISCUSSION

### I. Plaintiffs' First MTC

Plaintiffs' First MTC seeks to compel responses to RFP Nos. 1, 2, 3, 6, 7, 19, 20, 21, and 23, and Interrogatories Nos. 3, 4, and 7.

#### *a. RFP Nos. 1 and 2*

The largest dispute appears to lie in RFP Nos. 1 and 2. RFP No. 1 seeks all documents related to the allegations contained in paragraph 35 of Plaintiffs' Complaint and provides a list of proposed executive level documents. RFP No. 2 seeks specific aggregate data related to Defendant's cost-benefit analysis of foreclosing on homes during COVID.

Defendant claims to have provided some responsive documentation for each request, but Plaintiffs are steadfast that there are more internal documents being withheld. Defendant opposes this request for a number of reasons, including a lack of relevance, proportionality, and adequate conferral. As to RFP No. 1 specifically, Defendant claims that Plaintiffs agreed to limit the scope to solely documents arising out of Plaintiffs' loan.

The Court is not convinced that these requests are irrelevant or unproportional. Plaintiffs are alleging a pattern and practice, and any executive-level documents reflecting a commitment

4 – Opinion and Order

to improperly servicing loans to push homeowners into default may be relevant to that claim, as well as any defenses of mistake that may be raised. Defendant's concern regarding the sensitive nature of these documents is adequately addressed by the Tier One Protective Order in place, as already stated in this Court's previous Order. Lastly, as to Defendant's argument that the parties previously agreed to limit the scope of RFP No. 1, the Court is unclear why that now precludes Plaintiffs from seeking relevant discovery.

The Court however agrees that as currently stated, RFP Nos. 1 and 2 are not models of clarity. The Court therefore orders Plaintiffs to revise RFP Nos. 1 and 2 to refine the requests and clarify what is sought. This direction is made with the express understanding that Plaintiffs' counsel does not know what exists within PHH's innerworkings and cannot fairly be expected to state with precision what documents are sought. The parties are encouraged to confer in good faith during this process. Once narrowed, the Court will likely order RFP Nos. 1 and 2 be compelled. The Court will consider an in-camera review of these documents before they are produced to Plaintiffs.

### b. RFP No. 3

RFP No. 3 seeks all non-privileged internal communications relating to Plaintiffs' loan. Defendant claims it is working to confirm there are no further documents responsive to this request. There appears to be no substantive dispute over RFP No. 3.

To the extent Defendant has responsive documents containing non-privileged internal communications relating Plaintiffs' loan, they shall be produced.

### c. RFP No. 6

RFP No. 6 seeks documents or agreements evidencing Defendant's business relationship with Freddie Mac (the note holder for Plaintiffs' loan) during the period when Defendant acted as

5 – Opinion and Order

the servicer on the loan. Defendant has produced 71 pages, including Freddie Mac's URL, and claims to possess no more responsive documents. Plaintiffs do not believe "that despite doing billions of dollars of business with Freddie Mac there are no signed agreements between them."

The requested information is relevant and discoverable. The Court, however, cannot compel what does not exist. It is Defendant's duty to produce truthfully and completely what it possesses. To the extent documents describing the relationship between Defendant and Freddie Mac during the loan period exist, Defendant shall produce them.

### d. *RFP Nos. 7, 19, 20, and 23*

For each of these Requests, Defendant maintains its objections and asserts "that there are no documents or no further documents responsive to these requests."

The Court finds each request relevant and discoverable. To the extent Defendant has not already done so, Defendant shall produce the following: any documents evidencing communications with Freddie Mac to repurchase the loan, per RFP No. 7; any agreements with consultants in the area of behavioral science and any reports developed in connection with customer service materials which were used to communicate with Plaintiffs, per RFP No. 19; any documents relating to the economic benefit of foreclosing on Plaintiffs' loan as opposed to modifying it, per RFP No. 20; and any documents relating to the analysis of the economic benefit to Defendant of delaying or failing to complete settlement agreement entered into with homeowners like Plaintiffs, per RFP No. 23.

### e. *RFP No. 21*

RFP No. 21 seeks documents that summarize or aggregate data related to the purchase of real properties formally serviced by Defendant through Xome over the past four years. Defendant simultaneously claims that it "literally does not understand what is requested" and

objects that the requested information is proprietary. Defendant has failed to demonstrate why this request is should be denied.

Plaintiffs shall confer with Defendant to clarify any specific, legitimate confusion, and Defendant shall produce any documents responsive to RFP No. 21.

### f.  *Interrogatory Nos. 3 and 4*

Interrogatory No. 3 requests a detailed description of any systems used to communicate with Freddie Mac. Interrogatory No. 4 seeks a detailed description of Defendant's servicing platform of record, including every module in the system. Both Interrogatories request the name, version number, and any relevant manuals. Beyond objecting to the lack of specificity in the request, Defendant has failed to demonstrate why these interrogatories are objectionable.

Plaintiffs shall confer with Defendant as to the time and scope of these requests and Defendant shall produce responses to Interrogatories Nos. 3 and 4.

### g.  *Interrogatory No. 7*

Interrogatory No. 7 requests a detailed description of why Defendant reported Plaintiffs as delinquent, including a breakdown of the $51,483.95 figure that was reported as owing. Defendant has failed to demonstrate why this request is objectionable.

Defendant shall produce responses to Interrogatory No. 7.

### II.    **Plaintiffs' Second MTC**

Plaintiffs' Second MTC arises out a corporate representative deposition held on May 10, 2024. It seeks to compel Defendant to pay fees and costs incurred in the first attempt of the deposition, as well as compel Defendant to retake the deposition with someone who is knowledgeable and prepared on the noticed topics.

Plaintiffs' goal in deposing Defendant's corporate representative was to uncover executive level documents related to RFP Nos. 1 and 2. Consistent with the Court's reasoning above, once RFP Nos. 1 and 2 are narrowed and clarified, the Court will order the Rule 30(b)(6) corporate deposition be redone, under oath, with someone from PHH who is knowledgeable of the issues noticed and prepared to answer them completely.

## CONCLUSION

For the reasons above, the Court GRANTS Plaintiffs' First Motion to Compel (#58) as follows: Defendant shall produce documents responsive to RFP Nos. 3, 6, 7, 19, 20, 21, and 23, and Interrogatories 3, 4, and 7. The Court DEFERS ruling on RFP Nos. 1 and 2, as well as Plaintiffs' Second Motion to Compel (#71) until Plaintiffs refine their requests. Upon revision, the Court is inclined to grant the remainder of the Motions.

Although the Court declines to award attorneys' fees or issue sanctions at this time, it reminds the parties of their obligation to confer in good faith regarding discovery disputes. Motions to compel are not favored by the courts. Discovery in this matter has been hindered by chronic, contentious disagreement, and the Court has held multiple conferences to resolve disputes that appear to keep growing. The Court is confident that moving forward, the parties will heed the discovery rules and standards of professionalism expected of them.

IT IS SO ORDERED and DATED this _16_ day of _July_, 2024.

MARK D. CLARKE
United States Magistrate