IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


CHRISTINA and ELIJAH MACLAREN,                    Case No. 1:23-cv-00053-CL

           Plaintiffs,

      v.                                          **OPINION AND ORDER**

PHH MORTGAGE CORPORATION,

           Defendant.

---

**CLARKE**, Magistrate Judge.

Plaintiffs Christina and Elijah MacLaren ("Plaintiffs") move this Court for an order compelling Defendant PHH Mortgage Corporation ("Defendant") to retake a corporate representative deposition (Second Motion to Compel, Doc. 71) and to produce documents responsive to Plaintiffs' requests (Third Motion to Compel, Doc. 83). In response, Defendant moves this Court for an order to strike Plaintiffs' Third Motion to Compel (Doc. 90). For the reasons below, Plaintiffs' motions are GRANTED and Defendant's motion is DENIED as moot.

## FACTUAL BACKGROUND

This case arises out of Defendant's handling of a loan modification sought by Plaintiffs.[1]

In November 2021, nation-wide lender and loan servicer, PHH Mortgage, approved Christina and Elijah MacLaren to enter its mortgage assistance program. Under this program, Plaintiffs were expected to complete a series of trial period payments before their loan could

---

[1] A more detailed explanation of the underlying facts can be found in this Court's previous Order (Doc. 43). An abbreviated account is included here to provide context for the subject discovery dispute.

qualify for modification. Plaintiffs completed the trial payments for the first time in February 2022. After they began paying on the modified loan, Defendant claimed that a notary error invalidated the modification agreement and required Plaintiffs to re-do the trial period. Plaintiffs completed the trial payments for a second time in August 2022. Upon satisfaction, Defendant claimed that another problem required Plaintiffs to complete the trial for a third time. Two payments into the third trial, Defendant claimed the agreement "was not properly executed" and Plaintiffs were no longer eligible for mortgage assistance. Defendant rejected Plaintiffs' final payment and demanded Plaintiffs pay over $50,000 to bring the loan current or face foreclosure.

Plaintiffs filed their initial Complaint on January 12, 2023, followed by their First Amended Complaint on January 17, 2025. Plaintiffs allege that Defendant engages in a pattern and practice of "designed defaults," whereby it purposefully fails to recognize trial payments, refuses to modify loans, and forecloses on people's homes in a profit-driven scheme of "engineered incompetence." Plaintiffs assert claims for breach of contract, breach of the covenant of good faith and fair dealing, violation of the Oregon Unlawful Trade Practices Act, violation of the Fair Credit Reporting Act, and violation of the Fair Debt Collections Practices Act.

## DISCOVERY DISPUTE

The pending motion concerns an ongoing discovery dispute.

Plaintiffs served their first request for production ("RFP") with the summons and Complaint on January 19, 2023.

In June, Defendant moved for a protective order to limit discovery, specifically asking the Court to deny RFP Nos. 2, 17, 18, 24, 26, and 27, and Requests for Interrogatories Nos. 2, 3, 4, and 5. The Court held oral argument and subsequently denied Defendant's motion, finding the

requests relevant, proportional, and not unduly burdensome or prejudicial. *See* Order (Doc. 43).
Defendant was ordered to produce the items accordingly, subject to a Protective Order.

In January, 2024, Plaintiffs submitted a letter to the Court claiming that Defendant was
continuing to resist production on RFP Nos. 2 and 27 and additionally resisting eight new
requests that were not covered by the Order: RFP Nos. 1, 6, 7, 19, 20, 21, 22, and 23. Defendant
responded in its own letter, disputing Plaintiffs' characterization of the production thus far,
disagreeing with the scope of RFP No. 1, and claiming that Plaintiffs have not been adequately
conferring regarding the discovery issues.

The Court held another conference. After further conferral, the parties were able to
partially narrow some of the outstanding issues. However, most of the issues remained
unresolved. With the Court's leave, Plaintiffs filed their First Motion to Compel ("First MTC").
While it was pending, Plaintiffs filed a Second Motion to Compel ("Second MTC") regarding an
unsatisfactory corporate representative deposition.

A Motion Hearing was held on June 25, 2024. Following the Motion Hearing, the Court
issued an Opinion and Order on July 16, 2024 (Doc. 78). Per the Order, the Court found, again,
that Plaintiffs' requests were relevant and proportional. The Court also found, again, that the Tier
One Protective Order adequately addressed the sensitive nature of the documents. The Court did
Order Plaintiffs to "revise RFP Nos. 1 and 2 to refine the requests and clarify what is sought."
Op. and Or., Doc. 78, p. 5. The Court also stated, "[t]his direction is made with the express
understanding that Plaintiffs' counsel does not know what exists within PHH's innerworkings
and cannot fairly be expected to state with precision what documents are sought." *Id.* The Court
encouraged the parties to confer on RFP Nos. 1 and 2 and stated that the Court would likely

compel the Defendant to produce supporting documents once the requests had been narrowed, as well as order the Rule 30(b)(6) corporate deposition be redone.

On November 6, 2024, Plaintiff's filed their Third Motion to Compel ("Third MTC") requesting Defendant be compelled to produce documents responsive to RFP Nos. 1 and 2. In their motion, Plaintiffs certify they engaged in multiple good faith conferral attempts with Defendant including rewriting RFP Nos. 1 and 2 twice and explaining to Defendant's counsel the difference between Defendant's SEC reporting documents and its internal business plan.

On November 26, 2024, the Court held a conference regarding these ongoing discovery disputes. The Court allowed Defendant until December 13, 2024, to provide the requested documents to Plaintiffs. The Court held a follow-up conference on January 7, 2025, during which Plaintiffs expressed their continued concerns that the requested documents were being withheld.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) authorizes parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Where a party fails to make disclosures or cooperate in discovery, Federal Rule of Civil Procedure 37 enables the discovering party to move for an order to compel complete responses to discovery. Fed. R. Civ. P. 37.

Once the moving party establishes that the requested information is discoverable, the burden shifts to the resisting party to show why each request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Edman v. Nationstar Mortg. LLC*, No. 6:15-CV-00053-AA, 2015 WL 13236631, at *1 (D. Or. Dec. 11, 2015). A resisting party may meet its burden by demonstrating, as to each request, how the information sought is irrelevant or

privileged; being sought to delay, embarrass, or harass; or is otherwise objectionable under the rules. *Edman*, 2015 WL 13236631 at \*1.

Rule 37 motions require "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

District courts have "wide discretion in controlling discovery" and fashioning an appropriate solution. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

## DISCUSSION

### I.    Plaintiffs' Second MTC

Plaintiffs' Second MTC arises out of a corporate representative deposition held on May 10, 2024. It seeks to compel Defendant to pay fees and costs incurred in the first attempt of the deposition, as well as compel Defendant to retake the deposition with someone who is knowledgeable and prepared on the noticed topics.

Plaintiffs' goal in deposing Defendant's corporate representative was to uncover executive level documents related to RFP Nos. 1 and 2. Because RFP Nos. 1 and 2 have been narrowed and clarified, the Court orders the Rule 30(b)(6) corporate deposition be redone, under oath, with someone from PHH who is knowledgeable of the issues noticed and prepared to answer them completely.

### II.   Plaintiffs' Third MTC

Plaintiffs' Third MTC seeks to compel responses to RFP Nos. 1 and 2. It also seeks to compel Defendant to pay the Plaintiffs their reasonable attorney fees associated with the efforts to obtain those documents. Defendant opposed this motion due to an alleged failure of Plaintiffs

to meaningfully confer and lack of opportunity to locate responsive records. The Court allowed Defendant additional time to address these concerns.

The Court finds that the information requested by Plaintiffs is relevant and proportional, however, the temporal scope of the documents should be limited to the years 2020-2022. Thus, Defendant shall produce all executive planning documents, the description of which has been agreed upon by the parties, responsive to RFP Nos. 1 and 2, for the years 2020-2022.

## III.    Defendant's Motion to Strike

Defendant's Motion to Strike was filed in response to Plaintiffs' Third MTC. Defendant moves to enter an order striking the MTC, or in the alternative extending or abating Defendant's deadline to respond. Following the conference on November 26, 2024, the Court extended Defendant's deadline to respond. Because the Court granted an extension, the Motion to Strike is denied as moot.

## CONCLUSION

For the reasons above, the Court GRANTS Plaintiffs' Second Motion to Compel (Doc. 71) as follows: the Rule 30(b)(6) corporate deposition shall be redone, under oath, with someone from PHH who is knowledgeable of the issues noticed and prepared to answer them completely. The Court also GRANTS Plaintiffs' Third Motion to Compel (Doc. 83) as follows: Defendant shall produce all executive planning documents, the description of which has been agreed upon by the parties, responsive to RFP Nos. 1 and 2, for the years 2020-2022. The Court DENIES Defendant's Motion to Strike (Doc. 90) as moot.

Although the Court declines to award attorneys' fees or issue sanctions at this time, it reminds the parties of their obligation to confer in good faith regarding discovery disputes. Motions to compel are not favored by the courts. Discovery in this matter has been hindered by

chronic, contentious disagreement, and the Court has held multiple conferences to resolve disputes that appear to keep growing. The Court is confident that moving forward, the parties will heed the discovery rules and standards of professionalism expected of them.

IT IS SO ORDERED and DATED this _____ 30 _____ day of January, 2025.

MARK D. CLARKE
United States Magistrate Judge