IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CHRISTINA and ELIJAH MACLAREN, | Case No. 1:23-cv-00053-CL |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| PHH MORTGAGE CORPORATION, | |
| Defendant. | |

**CLARKE**, Magistrate Judge.

    Plaintiffs Christina and Elijah MacLaren ("Plaintiffs") move this Court for an order compelling Defendant PHH Mortgage Corporation ("Defendant") to retake a corporate representative deposition (Second Motion to Compel, Doc. 71) and to produce documents responsive to Plaintiffs' requests (Third Motion to Compel, Doc. 83). In response, Defendant moves this Court for an order to strike Plaintiffs' Third Motion to Compel (Doc. 90). For the reasons below, Plaintiffs' motions are DENIED in part and GRANTED in part, and Defendant's motion is DENIED as moot.

**FACTUAL BACKGROUND**

    This case arises out of Defendant's handling of a loan modification sought by Plaintiffs.[1]

    In November 2021, nation-wide lender and loan servicer, PHH Mortgage, approved Christina and Elijah MacLaren to enter its mortgage assistance program. Under this program,

---

[1] A more detailed explanation of the underlying facts can be found in this Court's previous Order (Doc. 43). An abbreviated account is included here to provide context for the subject discovery dispute.

Page 1 – Opinion and Order

Plaintiffs were expected to complete a series of trial period payments before their loan could qualify for modification. Plaintiffs completed the trial payments for the first time in February 2022. After they began paying on the modified loan, Defendant claimed that a notary error invalidated the modification agreement and required Plaintiffs to re-do the trial period. Plaintiffs completed the trial payments for a second time in August 2022. Upon satisfaction, Defendant claimed that another problem required Plaintiffs to complete the trial for a third time. Two payments into the third trial, Defendant claimed the agreement "was not properly executed" and Plaintiffs were no longer eligible for mortgage assistance. Defendant rejected Plaintiffs' final payment and demanded Plaintiffs pay over $50,000 to bring the loan current or face foreclosure.

Plaintiffs filed their initial Complaint on January 12, 2023, alleging that Defendant engages in a pattern and practice of "designed defaults," whereby it purposefully fails to recognize trial payments, refuses to modify loans, and forecloses on people's homes in a profit-driven scheme of "engineered incompetence." Plaintiffs assert claims for breach of contract, breach of the covenant of good faith and fair dealing, violation of the Oregon Unlawful Trade Practices Act, and intentional interference with an economic relationship.

## DISCOVERY DISPUTE

The pending motion concerns an ongoing discovery dispute.

Plaintiffs served their first request for production ("RFP") with the summons and Complaint on January 19, 2023.

In June, 2023, Defendant moved for a protective order to limit discovery, specifically asking the Court to deny RFP Nos. 2, 17, 18, 24, 26, and 27, and Requests for Interrogatories Nos. 2, 3, 4, and 5. The Court held oral argument and subsequently denied Defendant's motion, finding the requests relevant, proportional, and not unduly burdensome or prejudicial. *See* Order

(Doc. 43). Defendant was ordered to produce the items accordingly, subject to a Protective Order.

In January, 2024, Plaintiffs submitted a letter to the Court claiming that Defendant was continuing to resist production on RFP Nos. 2 and 27 and additionally resisting eight new requests that were not covered by the Order: RFP Nos. 1, 6, 7, 19, 20, 21, 22, and 23. Defendant responded in its own letter, disputing Plaintiffs' characterization of the production thus far, disagreeing with the scope of RFP No. 1, and claiming that Plaintiffs have not been adequately conferring regarding the discovery issues.

The Court held another conference. After further conferral, the parties were able to partially narrow some of the outstanding issues. However, most of the issues remained unresolved. With the Court's leave, Plaintiffs filed their First Motion to Compel ("First MTC"). While it was pending, Plaintiffs filed a Second Motion to Compel ("Second MTC") regarding an unsatisfactory corporate representative deposition.

A Motion Hearing was held on June 25, 2024. Following the Motion Hearing, the Court issued an Opinion and Order on July 16, 2024 (Doc. 78). Per the Order, the Court found, again, that Plaintiffs' requests were relevant and proportional. The Court also found, again, that the Tier One Protective Order adequately addressed the sensitive nature of the documents. The Court did order Plaintiffs to "revise RFP Nos. 1 and 2 to refine the requests and clarify what is sought." Op. and Or., Doc. 78, p. 5. The Court also stated, "[t]his direction is made with the express understanding that Plaintiffs' counsel does not know what exists within PHH's innerworkings and cannot fairly be expected to state with precision what documents are sought." *Id.* The Court encouraged the parties to confer on RFP Nos. 1 and 2 and stated that the Court would likely

compel the Defendant to produce supporting documents once the requests had been narrowed, as well as order the Rule 30(b)(6) corporate deposition be redone.

On November 6, 2024, Plaintiff's filed their Third Motion to Compel ("Third MTC") requesting Defendant be compelled to produce documents responsive to RFP Nos. 1 and 2. In their motion, Plaintiffs certify they engaged in multiple good faith conferral attempts with Defendant including rewriting RFP Nos. 1 and 2 twice and explaining to Defendant's counsel the difference between Defendant's SEC reporting documents and its internal business plan.

On November 26, 2024, the Court held a conference regarding these ongoing discovery disputes. The Court allowed Defendant until December 13, 2024, to provide the requested documents to Plaintiffs. The Court held a follow-up conference on January 7, 2025, during which Plaintiffs expressed their continued concerns that the requested documents were being withheld.

The Court originally published an Order on January 30, 2025, ruling on the motions discussed herein (Doc. 128). Defendants filed a Motion for Clarification (Doc. 134) which the Court granted on February 19, 2025 (Doc. 136). This document provides the clarified Order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) authorizes parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Where a party fails to make disclosures or cooperate in discovery, Federal Rule of Civil Procedure 37 enables the discovering party to move for an order to compel complete responses to discovery. Fed. R. Civ. P. 37.

Once the moving party establishes that the requested information is discoverable, the burden shifts to the resisting party to show why each request should be denied. *Blankenship v.*

*Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Edman v. Nationstar Mortg. LLC*, No. 6:15-CV-00053-AA, 2015 WL 13236631, at *1 (D. Or. Dec. 11, 2015). A resisting party may meet its burden by demonstrating, as to each request, how the information sought is irrelevant or privileged; being sought to delay, embarrass, or harass; or is otherwise objectionable under the rules. *Edman*, 2015 WL 13236631 at *1.

Rule 37 motions require "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

District courts have "wide discretion in controlling discovery" and fashioning an appropriate solution. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

## DISCUSSION

**I.      Plaintiffs' Second MTC is denied.**

Plaintiffs' Second MTC arises out of a corporate representative deposition held on May 10, 2024. It seeks to compel Defendant to pay fees and costs incurred in the first attempt of the deposition, as well as compel Defendant to retake the deposition with someone who is knowledgeable and prepared on the noticed topics.

After discussing the motion further with the parties, the Court is satisfied that so long as Defendant complies with Plaintiffs' Third Motion to Compel (Doc. 83) and produces the requested documents, the Rule 30(b)(6) corporate deposition need not be redone. If Defendant fails to comply, the Rule 30(b)(6) corporate deposition shall be redone, under oath, with someone from PHH who is knowledgeable of the issues noticed and prepared to answer them completely. If the deposition must be redone, Defendant will pay all associated fees and costs.

II.     **Plaintiffs' Third MTC is granted.**

Plaintiffs' Third MTC seeks to compel responses to RFP Nos. 1 and 2. It also seeks to compel Defendant to pay the Plaintiffs their reasonable attorney fees associated with the efforts to obtain those documents. Defendant opposed this motion due to an alleged failure of Plaintiffs to meaningfully confer and lack of opportunity to locate responsive records. The Court allowed Defendant additional time to address these concerns.

The Court finds that the information requested by Plaintiffs is relevant and proportional, however, the temporal scope of the documents should be limited to the years 2020-2022. Thus, Defendants shall produce for years 2020-2022:

- All documents relating to PHH and Ocwen Financial Corporation (OFC)'s internal business plans. This request includes, but is not limited to, any documents relating to forbearance or loan modifications, how loans put in forbearance or modification are managed, how loans in forbearance or modification are accounted for, how loans put in forbearance or into modification affect the profitability, or lack of profitability, of the PHH/Ocwen business, or affect the cash flow or liquidity of PHH/Ocwen. Any Documents which are part of the plan documents, which address the issue of how loans placed in forbearance or modification could, or do, affect executive compensation or bonuses.
- Documents which relate to Ocwen's tracking for each year, and for each quarter of each year, the performance of Ocwen and its business units as compared to the business plan. In other words, the plan is the expected performance of the business, or the business unit. The responsive documents track the actual specific performance of the business unit, or business, against plan goals. The request is

also limited to the portion/segment of Ocwen's business in which the Plaintiffs' loan would be reported. For example, the Plaintiffs' mortgage is not a reverse mortgage, and therefore documents that relate to the reverse mortgage segment of Ocwen's business do not have to be produced. Any business segment in which the Plaintiffs' loan is, or was held, must be produced. This request does not implicate what is, or is not, reported to the SEC. A business plan or plan documents are more detailed internal documents and are not publicly reported. For example, a goal in a business plan might have been to "reduce loans in forbearance by 20%." These documents would track on a detailed level how close the company came to achieving these goals.

- Any documents in the business plan which relate to, or evidence any negative credit event or reduction in liquidity for Ocwen. These documents include, but are not limited to, credit downgrades by rating agencies, communications to Ocwen that the stock might be delisted, any communication about Ocwen's failure to meet or exceed its financial covenants.

- Documents which relate to the development, or which describe the strategies or any analytical tools Ocwen did use, or tried to use, for each year, and each quarter of the year to achieve its business plan goals. These documents include, but are not limited to, any descriptions of whether it was more financially profitable/advantageous to Ocwen to modify loans that had been in CARES Act forbearance, or to foreclose on them.

//

### III.  Defendant's Motion to Strike is denied.

Defendant's Motion to Strike was filed in response to Plaintiffs' Third MTC. Defendant moves to enter an order striking the MTC, or in the alternative extending or abating Defendant's deadline to respond. Following the conference on November 26, 2024, the Court extended Defendant's deadline to respond. Because the Court granted an extension, the Motion to Strike is denied as moot.

## CONCLUSION

For the reasons above, the Court DENIES Plaintiffs' Second MTC (Doc. 71) as follows: So long as Defendant complies with Plaintiffs' Third MTC (Doc. 83) and produces the requested documents, the Rule 30(b)(6) corporate deposition need not be redone. If Defendant fails to comply, the Rule 30(b)(6) corporate deposition shall be redone, under oath, with someone from PHH who is knowledgeable of the issues noticed and prepared to answer them completely. If the deposition must be redone, Defendant will pay all associated fees and costs.

The Court GRANTS Plaintiffs' Third MTC (Doc. 83) as follows: Defendant shall produce all executive planning documents, the description of which has been agreed upon by the parties and provided herein, responsive to RFP Nos. 1 and 2, for the years 2020-2022. Defendant is instructed to produce these documents within two weeks from the date of this Order. If these documents are not produced, or, in the alternative, confirmed by a declaration under oath that they do not exist, the Court will likely impose sanctions.

The Court DENIES Defendant's Motion to Strike (Doc. 90) as moot.

Although the Court declines to award attorneys' fees or issue sanctions at this time, it reminds the parties of their obligation to confer in good faith regarding discovery disputes. Motions to compel are not favored by the courts. Discovery in this matter has been hindered by

chronic, contentious disagreement, and the Court has held multiple conferences to resolve disputes that appear to keep growing. The Court is confident that moving forward, the parties will heed the discovery rules and standards of professionalism expected of them.

IT IS SO ORDERED and DATED this  9    day of April, 2025.

_____
MARK D. CLARKE
United States Magistrate Judge

Page 9 – Opinion and Order