IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHRISTINA MACLAREN and ELIJAH, MACLAREN | Case No. 1:23-cv-00053-CL |
| Plaintiffs, | ORDER |
| v. | |
| PHH MORTGAGE CORPORATION, | |
| Defendant. | |

MCSHANE, Judge:

Before the Court are Defendant's objections to Magistrate Judge Clarke's April 9, 2025, Amended Opinion & Order. Judge Clarke denied Plaintiffs' second motion to compel, granted Plaintiffs' third motion to compel, and denied Defendant's motion to strike as moot. April 9, 2025 Order, ECF No. 14.

The Court's review of non-dispositive matters is governed by Federal Rule of Civil Procedure 72(a). The Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). To the extent Defendant objects to Judge Clarke's previous orders, those objections are not timely and the Court need not consider them. FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

Defendant's first objection argues that Judge Clarke "fail[ed] to consider" Defendant's response to Plaintiffs' third motion to compel. Def.'s Obj. 20, ECF No. 143. A careful review of

1 – Order

the record indicates that Judge Clarke not only considered Defendant's arguments – the same arguments that Defendant has been making for the past year – but fully addressed them in previous orders.

In their response, Defendant characterized Plaintiffs' requests as a "fishing expedition," arguing they were irrelevant and unproportional. Def.'s Resp. Opp. Pls.' Third Mot. Compel 4, ECF No. 91. Judge Clarke considered this argument when ruling on Plaintiffs' first motion to compel and found that Plaintiffs' requests for business plans were not irrelevant or unproportional, as "Plaintiffs are alleging a pattern and practice and any executive-level documents reflecting a commitment to improperly servicing loans to push homeowners into default may be relevant to that claim, as well as any defenses of mistake that may be raised." July 16, 2024 Order 4–5, ECF No. 78. The April 9, 2025, Order reiterates the finding that the requests are relevant and proportional. April 9, 2025 Order 3. That Judge Clarke chose not to belabor this point for the sake of brevity does not indicate that Defendant's arguments were not considered and certainly does not indicate that the order is "clearly erroneous or contrary to law."

Defendant next objects to Judge Clarke's "Factual Findings." Def.'s Obj. 20–24. Here, Defendant appears to take issue with Judge Clarke's abbreviated recitation of the facts as pled in Plaintiffs' complaint. The Factual Background does not purport to be "Findings of Fact" and does not prevent Defendant from arguing their interpretation of facts at the appropriate time, i.e. at summary judgment or trial. Defendant also objects to Judge Clarke's recitation of the procedural history of the discovery dispute. While Defendant may not agree with Judge Clarke's characterization of the dispute, the Court sees no error.

Finally, Defendant objects to the order granting the motion to compel, arguing again that Plaintiffs' requests are not "appropriate, relevant, and proportional." Def.'s Obj. 24. The Court

disagrees.

As noted above, Plaintiffs allege that Defendant has engaged in "a pattern and practice of 'designed defaults.'" Compl. ¶ 35, ECF No. 1. The documents requested speak directly to Plaintiffs' allegations. There is a protective order in place to address Defendant's concerns regarding the sensitive nature of the documents. Judge Clarke's order cabins the request to documents from 2020-2022, keeping it proportional to the needs to the case.

The Court has considered Defendant's objections. No part of the April 9, 2025, Order is clearly erroneous or contrary to law. Defendant's objections (ECF No. 143) are overruled.

IT IS SO ORDERED.

DATED this 21st day of May 2025.

_____s/Michael J. McShane_____
Michael McShane
United States District Judge