UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CHRISTINA MACLAREN; and ELIJAH
MACLAREN, *a married couple*

        Plaintiffs,

    v.

PHH MORTGAGE CORPORATION, *a New
Jersey corporation*

        Defendant

Case No. 1:23-cv-00053-CL

**OPINION AND ORDER**

_____

**CLARKE,** United States Magistrate Judge.

Before the Court are Plaintiffs' Motions for Reconsideration (ECF Nos. 206, 217). For the reasons below, Plaintiffs' Motions for Reconsideration (ECF Nos. 206, 217) are DENIED. The Court's Findings and Recommendation (ECF No. 210) is referred to the District Court for review without amendment.

**LEGAL STANDARDS**

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "A motion for reconsideration prompts a two-step inquiry. First, whether the court should reconsider a prior ruling; and second, if the court determines it should reconsider a prior ruling, whether the court should change the

Page 1 — OPINION AND ORDER

prior ruling." *Beck v. Metro. Prop. & Cas. Ins. Co.*, No. 3:13-CV-00879-AC, 2014 WL 4404962, at *4 (D. Or. Sept. 5, 2014). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

"Rule 60(b) enables courts to grant relief from judgment to parties based on certain substantive errors." *Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1215 (9th Cir. 2024).

Under Rule 60(b)(1), a court may grant relief for "mistake, inadvertence, surprise, or excusable neglect." A "mistake" within the meaning of Rule 60(b)(1) includes a mistake of law or fact made by a court. *Kemp v. United States*, 596 U.S. 528, 535 (2022).

Under Rule 60(b)(2), a court may grant relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

Under Rule 60(b)(6), a court may grant relief for "any other reason that justifies relief." A party may not base a Rule 60(b)(6) motion on any "of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (internal quotation marks omitted).

## DISCUSSION

The Court addresses Plaintiffs' motions in turn.

## I.    Plaintiffs' Motion for Reconsideration of the Court's Discovery Orders is Denied.

Plaintiffs seek reconsideration of the Court's Minute Order (ECF No. 193) and the Court's Order denying discovery sanctions (ECF No. 194). ECF No. 206 at 1. On December 2, 2025, the Court heard oral argument on Plaintiffs' Motion for Sanctions (ECF No. 164). ECF No 191. The Court issued its Minute Order and Order denying discovery sanctions on December

4 and December 12, 2025, respectively. ECF Nos. 193, 194. Plaintiffs renew their request to depose the CFO and ask the Court to reconsider sanctioning Defendant "for not producing responsive documents to Plaintiffs Requests for Production." ECF No. 206 at 2. Relying on Rule 60(b)(2), Plaintiffs argue that they have discovered new evidence that "would likely have materially affected" those discovery rulings. ECF No. 206 at 1-2; ECF No. 229 at 2.

When a party seeks reconsideration based on newly discovered evidence, the party "must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (internal quotation marks omitted).

Plaintiffs argue that statements made by Defendant's Chief Financial Officer ("CFO") on December 2, 2025, describing Defendant's business practices as a mortgage servicer and subservicer constitute "newly discovered evidence." ECF No. 206 at 3.

> The difference between those two businesses is the MSRs you own are a higher risk, higher return, asset. You have to hedge them, you have to finance them... And if you're taking care of them for someone else you don't have to advance on them, you don't have to hedge them, if they lose money you typically actually make more money because you get paid more to subservice a delinquent loan, but it's a thinner--um--thinner revenue stream. So we like both of those businesses. Um— our servicing shop is indifferent. They don't really even know which ones we own and which ones we don't. We like it that way. They just take care of all of them.

ECF No. 223 at 3.

At the outset, Plaintiffs do not argue that Defendant failed to produce the CFO's statements in response to any discovery order. Rather, Plaintiffs explain:

> At oral argument on Defendant's Motion for Summary Judgment on January 21, 2025, the Court was clear that it did not find Plaintiffs' allegations about Defendant foreclosing for profit to be creditable. Nonetheless, Plaintiffs are hopeful that once the Court hears Defendant's CFO confirm that the arguments Plaintiffs have made for three years are correct, that the Court will reconsider its position on sanctions.

ECF No. 206 at 2.

Page 3 — OPINION AND ORDER

The Court is unpersuaded.  Plaintiffs' arguments fail to address the basis of the Court's discovery rulings that Plaintiffs now challenge:  that "Defendant has meaningfully complied with the Court's Amended Opinion and Order (ECF No. 142) granting Plaintiffs' motion to compel." ECF No. 194 at 3.  Because the proffered statements do not establish that Defendant failed to comply with those orders, the statements are not "of such magnitude" that their earlier production would have been likely to change the Court's rulings  *See Jones*, 921 F.2d at 878.

Moreover, even if the Court were to reconsider its prior discovery rulings, the statements would not warrant a different result.  When read in context, the statements provide that Defendant "get[s] paid more to subservice a delinquent loan," but that its "servicing shop" does not know which loans Defendant "own[s] and which ones we don't" and that Defendant "takes care of them all."  ECF No. 223 at 3.  Those statements do not support Plaintiff's theory that "the loan modifications efforts of Defendant were pretextual" in this case.  ECF No. 206 at 2.

Plaintiffs' Motion (ECF No. 206) is denied.

## II.     Plaintiffs' Motion for Reconsideration of the Court's Findings and Recommendation is Denied.

On January 6, 2025, Defendant moved for summary judgment.  ECF No. 110.  On February 11, 2026, the Court entered an F&R denying Defendant's motion in part and granting in part.  ECF No. 210.

Plaintiffs seek reconsideration of the F&R under Rule 60(b)(6), arguing that the Court "overlooked evidence in the record" and that it committed legal error.  ECF No. 217 at 1-2, 18-25.  The Court has reviewed Plaintiffs' arguments and find that they are premised on a basis for relief enumerated in Rule 60(b)(1): mistake.  *See* Fed. R. Civ. P. 60(b)(1).  Consequently, Rule 60(b)(6) does not apply.  *See Kemp*, 596 U.S. at 533; *see also Maney v. Winges-Yanez*, No. 6:13-

CV-00981-SI, 2014 WL 5038302, at *2 (D. Or. Oct. 8, 2014), *aff'd,* 643 F. App'x 616 (9th Cir. 2016) ("Having found that [the plaintiff's] motion is properly brought under the more particular Rule 60(b)(1), it is not appropriate to consider his motion under the general catch-all provision.").

As relevant here, a party may seek relief under Rule 60(b)(1) "when the judge has made a substantive mistake of law or fact in the final judgment or order." 2014 WL 5038302, at *2, aff'd, 643 F. App'x 616 (brackets omitted). "[M]ere dissatisfaction with a court's order or belief that the court is wrong in its decision are not adequate grounds for reconsideration." *Feeley v. Earl*, No. 3:17-CV-00649-PK, 2017 WL 6540043, at *1 (D. Or. Aug. 29, 2017). Moreover, in the context of Rule 60(b), "the fact that a piece of evidence is not cited or discussed does not necessarily mean that the piece of evidence was not considered." *Probuilders Specialty Ins. Co. v. Phoenix Contracting, Inc.*, No. 6:16-CV-00601-AA, 2017 WL 11536055, at *1 (D. Or. May 3, 2017), *aff'd,* 743 F. App'x 876 (9th Cir. 2018).

The Court has carefully reviewed the record and the parties' briefing and finds no substantive error justifying relief. Plaintiffs' disagreements with the F&R fail to meet the standards for relief under Rule 60(b)(1).

Plaintiffs' Motion for Reconsideration (ECF No. 217) is denied.

### CONCLUSION

Plaintiffs' Motions for Reconsideration (ECF Nos. 206, 217) are DENIED.

It is so ORDERED and DATED this _____ day of June, 2026.


_____
MARK D. CLARKE
United States Magistrate Judge


Page 5 — OPINION AND ORDER